ELECTRONICALLY FILED - 2022 Jan 20 2:19 PM - DORCHESTER - COMMON PLEAS - CASE#2022CP1800097

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | THE NINTH JUDICIAL CIRCUIT |
| COUNTY OF DORCHESTER ) | CASE NO. 22-CP-18-_____ |
| ) | |
| CAROLYN MAYSHACK and ) | |
| JUSTIN MAYSHACK ) | |
|     Plaintiffs, ) | |
| ) | **CIVIL SUMMONS** |
| v. ) | |
| ) | |
| TRACTOR SUPPLY COMPANY ) | |
|     Defendant. ) | |

TO THE DEFENDANTS ABOVE-NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your answer to the said Complaint on the subscriber at his office at 3 Wesley Drive, Charleston, South Carolina 29407 within thirty (30) days after the service hereof, exclusive of the day of such service; and, if you fail to appear and defend by filing an Answer to the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

DATED at Charleston, South Carolina, on this the day of January, 2022.

                                                                                                                              _____s/ Christopher T. Dorsel
                                                                                                                              CHRISTOPHER T. DORSEL
                                                                                                                              Senn Legal, LLC
                                                                                                                              3 Wesley Drive
                                                                                                                              Charleston, SC 29407
                                                                                                                              Phone: 843-556-4045
                                                                                                                               Fax: 843-556-4046
                                                                                                                               *Attorney for the Plaintiff*

ELECTRONICALLY FILED - 2022 Jan 20 2:19 PM - DORCHESTER - COMMON PLEAS - CASE#2022CP1800097

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | THE NINTH JUDICIAL CIRCUIT |
| COUNTY OF DORCHESTER ) | CASE NO. 22-CP-18-_____ |
| ) | |
| CAROLYN MAYSHACK and ) | |
| JUSTIN MAYSHACK, ) | |
| ) | **Complaint** |
| Plaintiffs, ) | |
| ) | **(Jury trial requested)** |
| v. ) | |
| ) | |
| TRACTOR SUPPLY COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

COMES NOW Plaintiffs, above named, and complaining of Defendant, allege as follows:

### PARTIES

1. The plaintiffs are citizens and residents of the County of Dorchester, State of South Carolina.

2. Upon information and belief, Defendant Tractor Supply Company is a corporation organized and existing under the laws of a state other than the state of South Carolina. However, Defendant owns, operates and/or manages and transacts significant business in the County of Dorchester, South Carolina.

3. Tractor Supply Company owns and operates a supply store located at 1672 North Main Street, Suite # 5, Summerville, South Carolina 29486 (hereinafter referred to as the "Summerville Store").

### VENUE AND JURISDICTION

4. This Court has subject matter jurisdiction over the acts and omissions alleged herein under Article V § 11 of the State of South Carolina Constitution.

ELECTRONICALLY FILED - 2022 Jan 20 2:19 PM - DORCHESTER - COMMON PLEAS - CASE#2022CP1800097

5.  This Court has personal jurisdiction over Tractor Supply Company under the South Carolina Long-Arm Statue, S.C. Code Ann. §§ 36-2-803.

6.  Venue is proper in this Court under S.C. Code Ann. §§ 15-7-30.

## FACTUAL BACKGROUND

7.  On or about January 22, 2019, Carolyn Mayshack was an invitee of the Summerville Store.

8.  While lawfully on the premises, Carolyn asked an employee where the restrooms were located and then went to use the restroom.

9.  Carolyn exited the restroom and walked down a different aisle than she had used to walk to the restroom.

10. As she was walking down the aisle, her feet suddenly flew out from underneath her, causing her to fall on her left hand and back with her head violently striking the concrete floor.

11. While on the ground, Carolyn could feel a pool of liquid that she believed to be some sort of oil or other slippery substance.

12. Carolyn was dazed and in pain and could not pick herself up off the floor.

13. At some point, two employees helped Plaintiff up off the floor.

14. One of Defendant's employees apologized to Carolyn, saying that he was starting to clean up the oil spill, but got called away by another customer.

15. Although the employee knew that an oil spill posed a clear and present danger to customers, the employee did not put up warning signs, safety cones, or anything else to warn customers of the unreasonably dangerous condition.

16. An oil spill on the floor of a store where customers walk is an unreasonably

ELECTRONICALLY FILED - 2022 Jan 20 2:19 PM - DORCHESTER - COMMON PLEAS - CASE#2022CP1800097

dangerous condition.

17. An oil spill on the floor of a store where customers walk should be cleaned up immediately.

18. At a minimum, when there is an oil spill on the floor of a store where customers walk, some form of warning should be placed to warn customers of the danger.

19. Upon information and belief, Defendant's Assistant Manager came to the scene of the fall and helped wipe oil off of Carolyn's arm and shirt with paper towels.

20. The Assistant Manager did not offer Carolyn a chair, did not offer to call EMS, and did not ask Carolyn for any personal information to document the fall.

21. In a daze, Carolyn left the store, got in her car, and drove a short way before she came out of her daze and realized that she was seriously injured.

22. Carolyn then went back to the Summerville Store and spoke with an employee about filing an incident report.

23. The employee at first said that she would prepare an incident report. However, later, the same employee said that they could not write incident reports in the store and that had to be done at the corporate level. The employee then took down Carolyn's name and information.

24. Carolyn left the store a second time, called her husband, and told him she needed to go to the ER at Summerville Medical Center.

25. While at the ER, the medical staff ran a battery of tests that indicated injuries consistent with a fall, including a concussion.

26. Since the time of the incident, Carolyn has experienced severe pain and injuries caused by her fall.

ELECTRONICALLY FILED - 2022 Jan 20 2:19 PM - DORCHESTER - COMMON PLEAS - CASE#2022CP1800097

## FOR A FIRST CAUSE OF ACTION

27.     Plaintiffs reassert and reallege all preceding paragraphs verbatim.

28.     Defendant owed a duty to exercise reasonable care to not create an unreasonably dangerous condition on their property.

29.     Defendant owed a duty to exercise reasonable care to protect the Plaintiff, by inspection and/or other affirmative acts, from the danger of reasonably foreseeable injury occurring from reasonably foreseeable use of the premises.

30.     Defendant had a duty to have available sufficient personnel and equipment to properly inspect and maintain the aforesaid premises in a condition reasonably safe for Carolyn and in a condition free from defects and conditions rendering it unsafe.

31.     Defendant owed a duty to remedy or warn Carolyn of the aforesaid dangerous and unsafe conditions existing on the premises.

32.     Once Defendant knew of the oil spilled on the floor, Defendant had a duty to clean up the known hazard or warn customers about its presence.

33.     Defendant breached their duty of care to Carolyn, and that breach proximately and directly caused injury and damages to Carolyn.

34.     Carolyn's fall and damages hereinafter set forth were due to and proximately caused by the negligence, carelessness, recklessness, willfulness, wantonness and grossly negligent conduct of the Defendant in one or more of the following respects:

      a)      Failing to maintain the premises;

      b)      Failing to exercise due care;

      c)      Failing to do what a reasonable person or entity would have done under the circumstances;

ELECTRONICALLY FILED - 2022 Jan 20 2:19 PM - DORCHESTER - COMMON PLEAS - CASE#2022CP1800097

d)        Failing to post warning signs;

e)        Failing to inspect the premises;

f)        Failing to warn the Plaintiff;

g)        Failing to hire adequate personnel;

h)        Failing to hire adequately trained personnel;

i)        Failing to adequately train personnel;

j)        Failing to adequately manage personnel;

k)        Failing to develop adequate policies and procedures;

l)        Failure to take actions to correct known problems; and

m)        In such other and further particulars as evidence may provide through the course of discovery and trial.

35.    The Defendant's gross negligence, reckless, willfulness and wantonness created a latent defect which proximately caused the Plaintiff's injuries including but not limited to:

a)        Physical pain and suffering;

b)        Medical bills;

c)        Mental anguish;

d)        Emotional distress;

e)        Impairment of health and bodily efficiency;

f)        Loss of Plaintiff's enjoyment of life;

g)        Permanent loss of range of motion;

h)        Future medical expenses;

i)        Permanent injury to her body; and

j)        Other damages that may be uncovered during the course of

ELECTRONICALLY FILED - 2022 Jan 20 2:19 PM - DORCHESTER - COMMON PLEAS - CASE#2022CP1800097

discovery.

36. Carolyn had no knowledge or reason to suspect danger with regard to the defect contained on the premises. In addition, Carolyn exercised ordinary and reasonable care for herself at all times.

37. The Defendant is liable to the Carolyn, and Carolyn is entitled to actual and punitive damages as well as all other relief that may be proper.

### FOR A SECOND CAUSE OF ACTION

38. Plaintiffs reassert and reallege all preceding paragraphs verbatim.

39. Plaintiffs Carolyn and Justin Mayshack are a married couple and were married at the time of this incident in 2019.

40. As a result of Defendants' negligence, Justin has suffered a loss of consortium.

41. Justin has suffered damages, including, but not limited to, the loss of services and loss of quality of the marital relationship.

42. These damages were proximately caused by Defendant's actions as more fully outlined above.

43. As such, Justin is entitled to actual damages, including, but not limited to, pain and suffering, emotional distress, and loss of society and companionship.

**WHEREFORE**, the Plaintiffs pray for a trial by jury and for the following:

• Judgment against the Defendant for all general, special, punitive, incidental, and consequential damages respectively incurred by her as the direct and proximate result of the acts and omissions of the Defendant, together with interest until satisfied, in an amount to be determined by the jury;

ELECTRONICALLY FILED - 2022 Jan 20 2:19 PM - DORCHESTER - COMMON PLEAS - CASE#2022CP1800097

- For an Order granting the Plaintiff the costs of this action from the Defendant; and

- For an Order granting such other and further relief on behalf of the Plaintiff as this Court may deem just and proper.

    s/ Christopher T. Dorsel
CHRISTOPHER T. DORSEL
Senn Legal, LLC
3 Wesley Drive
Charleston, SC 29407
Phone: 843-556-4045
Fax: 843-556-4046
*Attorney for the Plaintiffs*

January 20, 2022
Charleston, SC